who's the warden. In this case it's set for 15 minutes per side. So the appellant can lead off here. Thank you. I want to remind the parties and others that we will take a break at the close of this argument. Thank you. Good morning and may it please the court. Pablo Amazon for Christian Diaz and I'll aim to reserve three minutes for rebuttal. I'd just like to note it looks like the clock is frozen right now on 145. So should I just wait for that to get reset? Apologies judges. Ms. Garul had dropped off the call because of a computer glitch. Let me restart the clock for you. Thank you. I think your clock is now set. Thank you. I'll try my best your honor. Diaz's trial boiled down to a credibility contest between the arresting officers and Diaz's sister as to whether he committed a gun assault that per the officer's own concession could have only been pulled off if Diaz had quote unheard of strength. In closing argument the prosecution repeatedly told the jury that they should believe the officers over Diaz's sister because these officers had no motive to lie. But this wasn't true. The only reason the prosecution was able to argue that the officers lacked the motive to lie about the disputed gun assault was because the trial court did not allow the defense to evidence of that motive into trial. I like to focus today on two points. First how the excluded use of force investigation did provide a motive for the officers to lie about the gun assault and second how exclusion of this investigation from trial prejudice Diaz. First regarding the motive. If we assume that the disputed gun assault never happened and focus instead only on the disputed events on the night in question it becomes clear why the officers would have benefited from a lie about the gun assault. We know that in response to a welfare check the officers entered Diaz's bedroom and then eventually tackled him to the floor. Once Diaz is on the floor two officers with the combined weight of 400 pounds get on his back while the third officer begins to repeatedly tase Diaz for a total of five times. There's also no dispute that when this happens Diaz only weighed 130 pounds that Diaz also had visible red marks on his face as a result of this altercation and that one of the officers who was on top of Diaz has cuts to his knuckles that may be consistent with having punched someone. So in this situation you know would the officers benefit from them saying they had a gun that Diaz pulled a gun on them. We well we know immediately after they arrest Diaz that an uninvolved sergeant arrives to begin a use-of-force investigation on the officers. If we look at you know at the situation they're they're faced in now they essentially now find themselves having to explain you know why all these actions were reasonable. You know why did they have to repeatedly tase Diaz five times when two officers who greatly outweighed him were already on top of them and they also have to account for these injuries. To succeed on this claim you would need to show that no reasonable jurist would have excluded the evidence right? Correct. Okay so the Court of Appeal in the first appeal said the trial court did not abuse its discretion. We agree that the trial with the trial court that the evidence of the internal investigation would have been more prejudicial than probative in particular because defense counsel sought to introduce evidence that the officers were investigated for their use of force but to exclude evidence of the results of the investigation. So we would have to find that those jurists for example were unreasonable in making that determination because if they're right you lose right on this point. I mean so the CCA opinion isn't the one we're looking at it is. Oh I understand but it's certainly an example of jurists and certainly jurists on the Court of Appeal and you're saying that that by definite that that has to be unreasonable because if that was reasonable then you would lose because they would be some reasonable jurists right? Sure so a couple points I want to make there is first defense counsel at the pretrial hearing on whether or not this evidence should come in they never said we only want this evidence in trial if we could also avoid having the results come in. They do say that we don't and I believe the words are we don't necessarily want to talk about the results but then they explain because those results were basically irrelevant as to whether the investigation is right. They say our position our position would be that the investigation is relevant but the results are not relevant. Correct and and I would agree with that assessment and the other thing I would like to point out is that the prosecution in responding at the pretrial argument they do tell the court the trial court hey if this investigation comes in then we also want the results in. So basically the trial court was presented with that option but what they did is they didn't decide well it's gonna be too messy they essentially decided well the probative value of the investigation itself is just not so high that it warrants coming into the trial. Sorry I thought you're gonna say something. No no I'm sorry but but the California evidentiary rule is very similar to rule 403 right? Correct yes. All right go ahead. Sure sure so and I think you know to kind of get to this point it's it's we have to go back and and see did this investigation provide a motive for them to lie and again the officers once that uninvolved sergeant arrives on the scene shortly after the arrest they know at that point they're under investigation like they don't have to guess or wonder you know are our actions going to be. But I mean what you have to show first is that it was a clear violation of the Constitution for the Superior Court to balance the probative value against the prejudicial value and find that under the California evidence rule that the finding that they made that the probative value was outweighed that that was a violation of the Constitution that no reasonable jurist could disagree with not just that it was relevant but that its exclusion violated the Sixth Amendment and that every reasonable jurist would have to agree not just that it was relevant. I'll give you that it was relevant. Sure so in this case it's it's one that did boil down to a credibility contest because there wasn't any undisputed evidence that showed that Diaz actually did this assault. So you know and and we could see the fact that this was a credibility contest because the prosecution in closing repeatedly says you know these officers don't have a motive to lie where's the motive they don't have a motive to lie Diaz's sister is only one with a motive because of the family connection. So when we have a case where it essentially boils down to a credibility contest whether a motive to lie exists is really what the whole case turns on and if one side is able to argue that their witnesses have no motive to lie and that's why you should believe them that's a pretty powerful argument right and but we know that had the investigation come in they can't make that argument and then they're they're held to the jury becomes much tougher because now they have to go out of their way to explain but why these officers trial judges make these kinds of determinations all the time that I mean you don't even get to what we would call the 403 balancing unless the evidence is relevant because if it's not relevant there's nothing to balance. So in 403 decisions all the time you're balancing the probative value against the danger of unfair prejudice and at least one of the things that the state has identified and I think the Superior Court judge did too is it's unfair because the jury's the jury hearing this might well assume that they were found guilty in this internal affairs investigation and that's unfair so I mean isn't that a legitimate consideration by the district court would it be unfair if the jury could think these crucial witnesses were found guilty by their own organization of significant misconduct. So in that if that is the concern and they should you let in the results as well and and that's them but but for example the Court of Appeal found that that's not what they wanted they didn't want both and I mean I think that's a fair reading of the transcript. Again I would push back there because again they say we don't want to necessarily talk about the results and then they go on to explain how they're irrelevant and again the trial court was given the option when the prosecution says we'll let the investigation comes in we want the results to commit to. Is there anything in the record in which counsel said judge we'd take both if the only way we can get the investigation in is to find out that they were exonerated we'll take both. Not not from counsel's words directly but again prior to that the prosecution did present that that option to the court it was the basically said because the results turned out favorably for the officers I just don't see the probative value and that's why it's not coming in and I and obviously I believe that decision itself was wrong because that would assume essentially that the way the investigation was that it essentially was so foolproof that it exonerates the officers of any wrongdoing. You know obviously if we hadn't known more about the policy and how it works we wouldn't know that the police report that the officers draft is what kind of serves as the benchmark for that investigation and that all the evidence is then compared to that narrative and essentially if it's consistent then you know most likely it's going to come out in favor of the officers. So it's to me it's again what what I think is important to realize is this case did come down to credibility and essentially the defense is then not allowed to argue or attack the credibility of the officers and the prosecution repeatedly takes advantage of that enclosing by arguing the officers have no motive to lie and saying you know where's the evidence of this conspiracy that they made up this lie. So again it's I guess one more point I also want to make is that you know courts Van Arsdale, Ortiz VA, it's Hawley versus Youngborough they repeatedly have held that when courts completely exclude motive evidence that is a constitutional violation. Do you have any case that you can cite because I don't see that in the Supreme Court case where the court has said excluding it completely after balancing is a Sixth Amendment violation as opposed to it completely excluding relevant important evidence is a violation of the Sixth Amendment. Is there any case you can point to where they make that same supposed unconditional statement when they're looking at a determination by the trial court of balancing relevance probative value against prejudice? So I can't think of it based off the top of my head but again I would say the trial court just got the prejudice ruling wrong here. Again to them the whole probative value of the results were in favor of the officers. So if you have that kind of you know I think wrong decision then you can't really rely on that balancing analysis that they did because at that point it's flawed and so then we do look as to what the proper analysis should have been and I do see that I'm running low on time so unless the court has any other questions I would like to reserve the remaining for rebuttal. That's fine. Good morning your honors it may please the court Deputy Attorney General Lindsey Boyd on behalf of the warden. Established federal law is clear that the right to confrontation under the Sixth Amendment does not mean the right to bring in irrelevant misleading... Wait, counsel hold on. Yes. I think we need to have the clerk set the clock for you. My apologies your honor. It's okay. Yeah, thank the clerk. There you go. Thank you. Established federal law is clear that the Sixth Amendment does not mean a defendant can bring in misleading irrelevant or unduly prejudicial evidence. The trial court in this case properly excluded any reference to the internal affairs investigation just for that reason that it was irrelevant misleading confusing and unduly prejudicial and the California Supreme Court did not unreasonably apply binding federal precedent when affirming the trial court's ruling. I take issue with opposing counsel's representation that the defense was not able to argue that the officers had motive to lie and I'll just read from the defense's closing argument at the second trial which begins at 5 ER 1071 where the defense counsel says they didn't want to lose their jobs they did not want to lose their jobs they didn't want to sit in the hot seat they didn't want to sit in Mr. Diaz's seat so there was a concern about how can we justify this meeting. Essentially the defense's entire argument was that the police officers came up with a story to justify an unjustified meeting. Having an internal investigations report come in which in fact said to the contrary that the police officers were justified would have undermined if anything undermined the defense's argument. Isn't part of their argument that at the the interval between the original report and the supplemental report this investigation had begun? That's correct your honor. So if their argument is the supplemental report is a lie the fact that in the interim an internal investigation internal affairs investigation had begun and therefore they knew that they needed to clean up what they wrote to put this finger on the trigger stuff in the supplemental report. I mean it seems to me that the fact that during that interim they were being investigated is certainly relevant. I mean that doesn't go to the question of balancing but you're arguing it's not relevant and I don't see that. Well I think it's not relevant in the sense that the tasing which essentially the petitioner is arguing that they had to come up with a story of producing the gun to justify the tasing. The story was there was he was tased four or five times before the information that gun was even produced. So the nexus between what the officers said happened doesn't even really meet what petitioner is trying to portray the argument as. I think the second point is that it does go to the balancing that whether or not the fact that this investigation was taking place has anything to do with a motive to lie. Because a jury could also look at this and say that officers had motive to be even more truthful because they knew that their police reports are going to be read by people outside of their normal channels and that they had to you know amend the police report to to make sure that all the details were accurate because it was undergoing this level of review. I mean I think I mean respectfully counsel I think that argument kind of cuts against you because if you can make that argument that reduces the danger of unfair prejudice. Well so first I think importantly the defense was able to cross-examine the the officers about any discrepancies in the police report. So you know applying Van Arsdale under the lens whether or not the jury would have gotten a significantly more different view of the officers credibility. The defense was able to cross-examine the officers about any discrepancies in the police report. Secondly whether or not this opposite investigation really gave the officers a motive to lie would necessarily require evidence presented about whether their use of force was justified. Because if the officers tased a petitioner and it was apparent to everybody who was present there and there were many officers present there that no one did anything wrong then they wouldn't have a strong motive to lie. On the other hand so it would as the trial court said it would have created a trial within a trial because the jury would have had to have heard all this evidence about use of force and the police conduct which wasn't relevant to what the jury was actually tasked with deciding. The only way that petitioners argument makes sense is if the jury was started from the presumption that the officers necessarily were going to lie again they could have also concluded to the contrary and whether and also the jury would have only had to have heard the part that there was an on the fact of the investigation but would have had to not heard the results of the investigation which in fact undercut defense's argument. The defense's argument was essentially that these officers had an unjustified beating and had to make up a story to justify it and if a police report is is introduced which comes to the opposite conclusion it doesn't help the defense's argument in that case it undermines it. So applying again the very differential standard of EDPA the question is not only whether or not the trial court was reasonable in excluding the evidence but whether or not any reasonable jurist could have found that the trial court was reasonable. I think under that lens especially it's clear that the petitioner's confrontation clause rights were not violated by excluding the internal affairs investigation. However I want to address the second prong of petitioner's argument which is the prejudice requirement which is the BRAC standard. Again we analyzed in our briefing the applying to Van Arsdale standards as well as the BRAC standard I think it's a little unclear from the case law how those two standards meld together but essentially the question is whether or not there was a substantial or injurious influence on the verdict. In this case the internal affairs investigation was not relevant even if they were going to argue that the finger-on-the-trigger evidence was somehow that somehow brought in because of the internal affairs investigation again none of this evidence was relevant to the questions that the jury was tasked with determining and the jury also heard from Dr. Gelman who was corroborating testimony about the petitioner's behavior that evening. The defense was permitted to cross-examine the police officers they called Officer King as their own witness and was able to examine them about any discrepancies in their police reports and the prosecution's case was very strong even petitioner's own sister heard the police officers say gun gun gun so the defense's argument that the gun was never produced was simply not credible and unless your honors have any additional questions I'm happy to submit early I think I addressed most of what counsel raised. We would ask that this court affirm the order of the court. Thank you. Just a few points I'd like to make in rebuttal. Counsel mentioned that you know the defense was able to argue you know that the officers were motivated by this concern that they would lose their jobs but without the investigation at trial essentially what the officers had to rely on for their theory of the case was that the beating had been so bad on Diaz that any person looking at those injuries would automatically assume okay yeah you know we're gonna get investigated for this there's a potential that we're gonna get reprimanded and what the prosecution said in closing is where's the evidence of this massive beating although he did have red marks on his face you know where are the cuts where are the bruises where are the broken bones so it shows you the the harder you know sell that case was for the defense without the investigation as to the discrepancies that were it's kind of teased out on cross-examination for the officers those were mainly that the officers testified inconsistently about whether the teases affected Diaz and whether Diaz's sister was in the bedroom but in closing again the prosecution offered innocent explanations for these inconsistencies she said that these officers had different vantage point you know somewhere on the floor some are standing up somewhere in the hallway she says it's a fast-acting situation and as for the officer who actually teased Diaz she essentially calls him a novice and says that he didn't know what he was doing and couldn't essentially tell whether or not someone was being affected by a taste so again without the motive to lie investigation in these cells become much easier for the prosecution to make as to whether or not this was a close case I mean we have a data point here and that's the first trial that resulted in the hung jury and really the only primary difference between the first trial and the second trial was that at the second trial that ER doctor testified for the prosecution but that testimony didn't move the needle as to whether or not Diaz actually committed the disputed gun assault all she testified was that he was difficult to control in a hospital setting where they're essentially trying to place an and a catheter and just lastly you know the gun and the fact that the sister corroborated that the officers yelled gun well that's entirely consistent with the story where the officers are on top of Diaz as they're struggling with him they noticed a gun in his bedroom because there was four total guns recovered and he's yelling out gun gun gun to notify the officers hey there's a gun over there someone go get it and again why would Diaz a sister if she's being motivated to lie lie about this like why would she tell this it it has no kind of benefit to Diaz and my last point is again this case did boil down to a credibility contest but one where the defense was not allowed to attack the credibility of the officers and I don't see how anyone could believe that that didn't prejudice Diaz or violate his compensation clause rights and unless the court has any other questions I would submit though I have no questions been hearing none from the other judges case shall now be submitted and the parties will hear from us in due course and will now be on take a short break the court stands in recess you
judges: GOULD, BENNETT, LEE